JOHN LINDQUIST *vs.* HENRY J. MARIKLE.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A charge in a negligence case,—and especially in one involving a colli-
sion of automobiles in which the evidence and claims of the parties
are diametrically opposed—which fails to give the jury any rule
by which they may determine the legal duties of the respective
parties touching negligence and contributory negligence, is in-
adequate in its presentation of facts.

In the present case the jury were instructed that the basic fact for them
to determine was upon which side of the road the collision occurred,
and to render their verdict accordingly. *Held* that this was error;
that the case was to be determined in the light of all the facts
presented, and not made to turn upon the decision of this single
point.

It is the duty of the trial court in every case to give the jury such in-
structions as are applicable to the issues raised and sufficient for
their guidance in reaching a verdict.

Argued June 6th—decided June 22d, 1923.

ACTION to recover damages for injuries to the
plaintiff's automobile, alleged to have been caused
by the defendant's negligence, brought to the Court
of Common Pleas in Fairfield County and tried to
the jury before *Walsh, J.;* verdict and judgment for
the plaintiff for $428, and appeal by the defendant.
*Error and new trial ordered.*

*Benjamin H. Hewitt,* for the appellant (defendant).

*Samuel Mellitz,* with whom was *Charles Weingarten,*
for the appellee (plaintiff).

PER CURIAM. The plaintiff offered evidence to
prove that he was traveling easterly in a touring
car in the town of Norwalk on the Boston Post Road,

and when at a point sixteen hundred and thirty-eight feet from the point of collision he was traveling at ten or twelve miles an hour; that he then first saw the defendant's truck approaching from the east traveling south of the middle of the highway at twenty to twenty-five miles an hour; that the plaintiff then proceeded on the extreme south side of the highway, and when he was twenty-five feet from the point of collision he observed that a collision with the truck was imminent, and stopped his car on the extreme south side of the highway when the truck was ten to fifteen feet away, and that the left (or south) front wheel of the truck struck the left (or north) front of the plaintiff's car damaging it.

On the other hand, the defendant claimed to have proved that the driver of the defendant upon his truck knew this highway well; that there was a bank and culvert on the north side of the road which pre-vented defendant from turning off the improved portion of the highway; that the driver was proceeding westerly and north of the middle of the highway in a careful manner and driving at about ten miles an hour; that just before the collision, observing the plaintiff approaching at a high speed in a zigzag manner, and part of the time on the north side of the road and directly in the path of the truck, he applied his brakes and turned as far to the north as possible and had practically come to a stop when he felt plaintiff's car hit the truck in skidding past it; that at the point of collision there was, south of the plaintiff, a space one hundred feet long by ten feet wide that was smooth and safe for travel, and that had plaintiff used this space he would have averted the accident even if the truck had taken up the entire improved portion of the highway; that had the position of the truck been that claimed by plaintiff's or that claimed

by defendant's witnesses, the plaintiff had a fair opportunity to have passed and about eight feet of the road to travel on; that if he had turned to the south after seeing the truck approaching as he described, he would have averted the collision; and that examination of the truck immediately after the collision revealed the fact that no marks were to be seen upon it at the point of contact as claimed by the plaintiff.

The court inadvertently failed to give the jury any rule by which they might determine between these conflicting claims the respective legal duty of the parties to the action, with the result that the jury did not have before them any instruction as to what constituted negligence on the part of the defendant, or contributory negligence on the part of the plaintiff. A charge which omits, in a negligence action, these basic rules of guidance, does not adequately present the case to the jury.

The court charged the jury: "So that you have this basic fact to find when you come to deliberate upon the evidence, on which side of that road did this accident occur? If it occurred on the south side of the road, then you will find a verdict for the plaintiff." This was error, since the jury were entitled to determine the case in the light of all of the facts presented. The claims of the parties could not be restricted in this fashion to this single point. The defendant was entitled to have his claim passed upon by the jury, that even though he were traveling on the south side of the highway, yet under the circumstances the plaintiff should in the exercise of due care have turned to the south and avoided the collision, and not to have done so was contributory negligence.

We commend the attempt of the trial court to compress the contested issues of the case to the nar-

rowest point reasonably possible. But this must always be done without doing injustice to either party, and without narrowing the issues and restricting their presentation beyond the fair comprehension of the jury. A striking defect of some charges in negligence actions is their length, their complexity, and their failure to present the case in proper order and relation and with due simplicity. In attempting to avoid these defects the trial judge went too far and failed to give the jury any rule of law for its guidance, or such a presentation of the facts in evidence and the claims made by the parties as to fairly present the issues.

"It is the duty of the court in every case to give to the jury sitting in that case such instructions as are applicable to the issues raised and sufficient for their guidance in coming to a verdict in the case before them." *Pietrycka* v. *Simolan*, 98 Conn. 490, 499, 120 Atl. 310, 314; *Montambault* v. *Waterbury & Milldale Tramway Co.*, 98 Conn. 584, 588, 120 Atl. 145, 147.

There is error and a new trial is ordered.