## WOLF GREENBERG *vs.* ROCCO BRANCIERE.

First Judicial District, Hartford, March Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

Only such alleged acts of negligence as the plaintiff offers evidence to prove or claims to have proved, need be noticed in the charge.

Contributory negligence is always an issue in a negligence case, since an allegation that plaintiff's damage was caused by the negligence of the defendant necessarily involves an allegation that the plaintiff did not contribute to it.

If no claim is made that the plaintiff is guilty of contributory negligence, the jury may be told that they can lay that issue out of the case; but if such claim is made, it is the duty of the court to instruct the jury as to what, under the circumstances, constitutes contributory negligence.

As between himself and a subcontractor who has contracted to do the excavating, a general contractor is not bound to shore up the building or to see that the excavating is done in a safe and proper manner.

Argued March 5th—decided March 31st, 1924.

ACTION to recover for losses alleged to have been sustained through the negligence of the defendant in excavating for alterations and repairs upon a certain building for which the plaintiff was the general contractor, brought to the Superior Court in Hartford County and tried to the jury before *Webb, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

On the trial the plaintiff claimed to have proved that as general contractor he had agreed with the owners of the building in question to make certain alterations therein, and had sublet the mason work and excavating to the defendant Wooley, who, in turn, had sublet the excavating to the defendant Branciere, and that the latter so negligently conducted the work of excavation as to cause the cellar walls of the building to fall in and a considerable portion of the build-

ing to collapse. The specific negligent act which the plaintiff offered evidence to prove was, that although the prudent prosecution of the work required that a shoulder of earth substantially two feet in width at the top and four feet in width at the bottom should be left around the foundation walls in the cellar of the building until the mason had constructed concrete piers under them, the defendant Branciere proceeded with the excavation of earth from the cellar to a depth of three feet below the foundation walls leaving no supporting shoulder of earth.

The defendant claimed to have proved that in excavating in the cellar he left a shoulder of earth against all the foundation walls substantially two feet in width at the top and four feet in width at the bottom, and that the collapse of the building was caused by quicksand or some other cause beyond his control. He also claimed to have proved that the plaintiff tore down the front of the building and placed a heavy beam across the front of the second story, and that the removal of the front wall by the plaintiff materially weakened the north wall of the building which collapsed.

Wooley was dropped as a party defendant prior to the trial.

The complaint, in paragraph three, alleges that the defendant Branciere, in excavating in the cellar of the building, "negligently and carelessly dug too close to the foundation walls and although ordered to desist from further excavating by the defendant Joseph M. Wooley, and although ordered to desist from further excavating by the plaintiff, the general contractor, and although warned by the plaintiff that proper supports would have to be placed if the excavating was to be continued, and to be sure not to do any further excavating until said proper support was furnished, and although warned of the danger by one

O'Neil, a building inspector employed by the City of Hartford in the building department, the defendant, Rocco Branciere, negligently and carelessly failed to provide the proper support that should have been provided were he to continue with his work."

*Jacob Schwolsky,* with whom was *George Schwolsky,* for the appellant (plaintiff).

*Frank Covello,* with whom, on the brief, was *Francis A. Pallotti,* for the appellee (defendant).

BANKS, J.  This appeal is based solely upon claimed errors in the charge of the trial court, and those pursued upon the brief and in argument may be considered under two heads: First, that the court failed to submit to the jury the issue raised by one of the allegations of negligence in the complaint; and second, that the charge upon the subject of contributory negligence was improper and inadequate.

The court, in defining the issues in the early part of its charge said: "The gist then of the negligence that is charged in this complaint simmers down, as it seems to me, simply to this charge,—that Branciere in conducting the said excavation dug too close to the existing walls of the building, so close to those walls that they were without support and gave way, and the building fell down."  Later in the charge the court referred to the alleged negligence of the defendant in making this excavation, "without leaving any shoulder or ledge to protect the walls," and "without leaving any adequate shoulder or support to sustain the old walls," and "in failing to leave a proper shoulder or ledge to support the walls."  The only allegation of negligence in the complaint is that contained in the single sentence of paragraph three, which is quoted in the statement

of facts. This involved and somewhat confused allegation the court simplified and condensed in its statement to the jury that the gist of the complaint was that defendant dug so close to the existing walls of the building that they were left without any adequate shoulder to support them. The sentence does contain a double allegation of negligence, first, that defendant dug too close to the walls, and second, that he failed to provide proper support for them; but it might fairly be gathered from the language used that the pleader intended to allege a single act of negligence, to wit: the making of the excavation so close to the walls as not to leave a shoulder which would provide proper support for them. That the court was correct in its statement that this was the issue actually presented to the jury is apparent from an examination of the finding. It does not disclose that plaintiff offered evidence to prove or claimed to have proved any other act of negligence on the part of the defendant than the failure to leave a shoulder of earth sufficient to support the walls. The issue actually before the jury, therefore, upon the evidence, was that succinctly stated by the court in the portion of the charge above quoted.

The appellant also criticises those portions of the charge which deal with the subject of contributory negligence, and says, first, that the question of whether or not the plaintiff was guilty of contributory negligence was not an issue in the case, and second, that the charge was inadequate in that it failed to tell the jury what conduct on the part of the plaintiff would constitute contributory negligence. Contributory negligence is always an issue in a negligence case, since an allegation that plaintiff's damage was caused by the negligence of the defendant necessarily involves an allegation that the plaintiff did not contribute to it.

*Brockett* v. *Fair Haven & W. R. Co.*, 73 Conn. 428, 47 Atl. 763. If no claim is made upon the trial that the plaintiff was guilty of contributory negligence, the jury might be told that they could lay that issue out of the case. If such claim is made, as the record shows that it was in this case, the jury should be told what duty, if any, rested upon the plaintiff, and what conduct on his part would constitute contributory negligence barring his recovery. The charge nowhere defines negligence or contributory negligence. While such formal definitions are not a necessary part of a charge in a negligence case, it is the duty of the court to instruct the jury as to what, under the circumstances, constitutes negligence on the part of the defendant and contributory negligence on the part of the plaintiff, thus giving them a rule by which they may determine the respective legal duties resting upon the parties; and a charge which omits these basic rules of guidance does not adequately present the case to the jury. *Lindquist* v. *Marikle*, 99 Conn. 233, 235, 121 Atl. 474; *Ratti* v. *Berry & Sons, Inc.*, 98 Conn. 522, 119 Atl. 894.

The charge nowhere attempts to state what legal duty, if any, rested upon the plaintiff, or what conduct on his part would constitute due care or the lack of it. The court told the jury that the plaintiff could not recover if his own negligence, or failure to exercise due care, essentially contributed to the disaster to the building. This correct statement of the rule, in the abstract, with no further instructions applying the rule to the peculiar facts of this case, could not adequately serve to guide the jury in a determination of the duty resting upon the plaintiff. It left them free to fix the standard of duty without any rule by which to determine it. It appears from the finding as corrected, that the defendant offered evidence tending to prove and claimed to have proved that the

plaintiff tore down the entire front wall of the building and placed a heavy iron beam across the front of the second story, and that the removal of the front wall materially weakened the north wall of the building which collapsed. The jury may have found that this was negligence on the part of the plaintiff, but if so they reached that conclusion without the help of any instruction from the court as to the duty of the plaintiff in the conduct of this work, nor were they told that the negligence of the plaintiff, to bar his recovery, must have been the proximate cause of the collapse of the building.

The defendant also offered evidence tending to prove that he commenced the excavating in the presence of and with the consent of the plaintiff, and that on the day before the building fell he notified the plaintiff that it would be necessary, or at least proper, to shore the building. The court told the jury that it was not the duty of defendant to shore the building or provide other supports for it, and that it would be proper for them to consider the fact, if they found it to be so, that the plaintiff was around there most of the time while the work was in progress and saw how it was being done, and that, as the controlling contractor, he had the right to stop anybody who was carrying on the work in an improper and dangerous manner. The jury might well have inferred from this instruction, in the absence of any other statement as to the duty of the plaintiff, that it was his duty to shore up the building and in any event to see that the work was done in a safe and proper manner. As between these parties no such duty rested upon the plaintiff, and the jury should have been so instructed.

There is error and a new trial is ordered.

In this opinion the other judges concurred.