## ANNA BJORKMAN *vs.* TOWN OF NEWINGTON.

First Judicial District, Hartford, March Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 3d—decided April 16th, 1931.

*John H. Kirkham*, with whom was *Charles A. Richardson*, for the appellant (defendant).

*Edward S. Pomeranz*, with whom was *S. Polk Waskowitz*, and, on the brief, *George Miske*, for the appellee (plaintiff).

AVERY, J.  The plaintiff brought her action to recover damages for injuries sustained, as she alleged, by reason of a fall upon a sidewalk in the defendant town, claiming that the walk was in a defective condition because of ice and snow thereon.  The appeal is taken from the refusal of the trial court to set aside a verdict in the plaintiff's favor, and for claimed error in the charge of the court, and in its rulings upon evidence.

The plaintiff offered evidence to prove the following facts:  The plaintiff, a woman fifty-eight years of age, had been employed by Mr. and Mrs. Bancroft to do housework at their residence, located on Robbins Avenue in what is known as the "Maple Hill" section of the defendant town.  Robbins Avenue, at the time of the accident, was a much traveled highway and one of the principal streets, and the sidewalk fronting the Bancroft residence was of cinders and traprock, and constantly used by inhabitants of the town, and others, and by school children, and persons going to and from the only grocery store in the neighborhood. The Maple Hill section is a well-populated residential district.  At about eleven a. m. on December 30th, 1929, the plaintiff, after finishing her work for that day at the Bancroft residence, proceeded to leave by a concrete service walk, leading from the north side of

the house to the sidewalk on Robbins Avenue; and upon reaching the sidewalk, continued to walk in a careful manner westerly thereon. When she had reached a point on the sidewalk about five feet from the steps leading from the service walk, she slipped and fell on the ice and frozen snow, and sustained injuries.

The plaintiff also offered evidence that the last snowstorm, prior to the time of her fall, occurred on December 23d, 1929, when one and two-tenths inches of snow and sleet fell. The snow from this storm had not been removed from the sidewalk up to the time of the accident, but was packed down by the feet of people and partly melted by the sun, so that it formed a sheet of ice on the walk and rendered the same defective, slippery and unsafe for use; and that condition, without any substantial change, continued for the entire week prior to the time of the plaintiff's accident. At no time between December 23d and the time of the accident did the defendant town or any person spread sand, ashes or other substance upon the walk to prevent persons from slipping thereon.

The defendant town offered evidence to prove: that it had received no notice, either actual or constructive, of the defect, and that it had no reasonable opportunity either to know of or remedy it, for the reason that the ice on which the plaintiff fell had accumulated and formed in the late afternoon and night of Sunday, December 29th, and the early hours of Monday, December 30th; and, at seven-fifteen a. m. December 30th, a drizzle of rain and mist was still falling, freezing as it fell, which together with the snow and sleet which had fallen on the walk the previous afternoon and evening, and the water and slush from the high banks on the south side of the walk, flowing down

upon it and freezing thereon, had formed an extremely slippery and dangerous mantle of ice upon this stretch of sidewalk as well as over the entire region.

Evidence was received as to the size of the defendant town, its population, the number of miles of streets and sidewalks, the location and size and character of the residential sections, the grand list of the town, the tax rate, and similar facts concerning the situation of the town and its resources and ability to cope with the problems of snow and ice upon the sidewalks therein, as bearing upon its duty in the premises. Evidence was also received that the town had no policemen, superintendent of streets, board of public works, or sidewalk inspector; that the responsibility for repair and supervision of roads devolved upon the selectmen; and that the sidewalks were built by the citizens at grades determined by themselves, and were maintained and cared for by them.

In its instructions to the jury, the trial court correctly informed them that a town is not an insurer against accidents occurring upon its highways; that its full duty is performed if it has used reasonable care to make them reasonably safe. This proposition the court reiterated in various ways, quoting verbatim from several decisions of this court. Upon the case as presented, it was the duty of the court, in addition to stating the abstract principle, to point out, in a manner and to an extent adequate to give guidance to the jury, the considerations applicable in determining what constitutes reasonable care on the part of the municipality as regards conditions arising from snow and ice on its sidewalks. It is obvious that these considerations can never be identical in different cases but vary greatly as to all or part. The peril affecting the

necessity of remedial measures ranges in degree from that in a sparsely inhabited community, where it may not be such as to warrant the public expense attendant upon provision of a remedy, to that existing on much traveled walks in populous cities; wide variations obtain as to the relative resources available for meeting the expense involved as well as the practicability of remedial action from a physical standpoint. Because of these fluctuations in the elements involved, it is impossible to frame a rule of general application in other than general language which is elastic enough to give play for the giving effect to all the relevant circumstances present in the particular case. It is all the more important, then, that the bearing and relative importance of such of these elements as are present, both to each other and to the general conclusion, should be brought to the attention of the jury. *Carl* v. *New Haven,* 93 Conn. 622, 626, 107 Atl. 502; *Schroeder* v. *Hartford,* 104 Conn. 334, 336, 132 Atl. 901; *Cloughessy* v. *Waterbury,* 51 Conn. 405, 415; *Landolt* v. *Norwich,* 37 Conn. 615, 617. The failure to give such instructions is assigned as error. While no requests to charge to that effect are available to the appellant, its requests not having been filed before argument as required by the rules, " 'it is the duty of the court in every case to give to the jury sitting in that case such instructions as are applicable to the issues raised and sufficient for their guidance in coming to a verdict in the case before them.' " *Lindquist* v. *Marikle,* 99 Conn. 233, 236, 121 Atl. 474; *Pietrycka* v. *Simolan,* 98 Conn. 490, 499, 120 Atl. 310; *Montambault* v. *Waterbury & Milldale Tramway Co.,* 98 Conn. 584, 588, 120 Atl. 145. The deficiency of the charge in the respect mentioned must be held to constitute re-

versible error. This does not obtain as to other assignments relating to the charge.

One of the main contentions of the defendant was that, at Maple Hill, the slippery conditions on the morning of December 30th were caused by the sleet storm which occurred during the night of December 29th and early morning of the 30th, and not by the snowstorm of December 23d. It was a matter directly in issue as to what the conditions as to snow and ice were at Maple Hill on December 30th, and what the weather conditions were there immediately preceding. The plaintiff called the Observer of the United States Weather Bureau at Hartford, who testified as to weather conditions at Hartford on the night in question, and that the rainfall on that night was 37/100ths of an inch; that the temperature was a maximum of 37° and a minimum of 32°, and that the temperature at Maple Hill would be lower than at Hartford. There was also testimony that the storm of that night was a general one.

The defendant called several witnesses residing in New Britain, and asked them as to the character of the storm of December 29th and 30th at New Britain and especially as to the slippery conditions thereby caused, and the distance from the place of their observations in New Britain to Maple Hill in Newington. Among these witnesses was one whose duty it was to keep a record of the weather at New Britain; also a police officer who, in the performance of his duty, made reports of the weather conditions in New Britain on December 29th and 30th. Testimony both as to such distance and as to weather conditions in New Britain was excluded. The defendant was at least entitled to show how far the places in New Britain where the witnesses had made their observations were from Maple

Hill, and the exclusion was erroneous. If it appeared that there was such proximity as to show, or justify an inference, that the weather conditions at the time in question were substantially identical, testimony as to conditions at New Britain would have been admissible. *Mears* v. *New York, N. H. & H. R. Co.*, 75 Conn. 171, 176, 52 Atl. 610; *Connors* v. *Long Island R. Co.*, 134 N. Y. Supp. 24, 27; *Hufnagle* v. *Delaware & H. Co.*, 227 Pa. St. 476, 76 Atl. 205, 206; *Hart* v. *Walker*, 100 Mich. 406, 410, 59 N. W. 174, 175; 1 Wigmore on Evidence (2d Ed) § 438, p. 776.

As we have already noted, the trial court admitted some evidence offered by the defendant as to the physical characteristics and financial situation and resources of the town, but excluded other testimony offered for the same purpose—including the basis of valuation for tax purposes, the amount of the town budget and of town expenditures for various purposes, and an estimate of the expenditure required in order to sand the sidewalks within the town. A map offered to show the streets, sidewalks, distribution of population and other similar circumstances was also excluded but as it was not marked for identification it is not before us. While some, at least, of the excluded evidence appears relevant to the purpose for which it was offered, inquiry on these lines must of necessity be subject to logical limitation and it rests in the sound discretion of the trial court to determine when matter, although probative, by reason of remoteness, cumulative nature, or other cause so lacks significance or materiality as to justify its exclusion. *Rosenstein* v. *Fair Haven & W. R. Co.*, 78 Conn. 29, 34, 60 Atl. 1061. We are unable to say on this record, that reversible error was committed in the rulings on evidence, of this class, assigned.

As a new trial must be had for the reasons pointed out, discussion of the ruling of the trial court on the motion to set aside the verdict would serve no useful purpose.

There is error; the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.