### JOHN M. MAHER *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 4th—decided July 29th, 1931.

*Edward R. Brumley,* with whom was *Edwin H. Hall,* for the appellant (defendant).

*Thomas R. Fitzsimmons,* with whom, on the brief, was *Charles J. Martin,* for the appellee (plaintiff).

BANKS, J. The plaintiff was a passenger upon an open trolley car of the defendant and, while standing upon the running board of the car, was struck by the rear of a truck parked in the street. The only error assigned is in the charge of the court, which is to be tested by the finding of facts claimed to have been proved. The plaintiff offered evidence to prove and claimed to have proved the following facts: He boarded an open trolley car of standard type with two running boards, which started before he had time to secure a seat. He paid his fare while standing on the upper running board about two thirds of the distance from the front of the car, and soon after the car started saw a vacant seat forward and proceeded toward it along the lower running board, there being a number of people standing on the upper running board. Before starting toward the vacant seat he looked forward and saw a number of cars parked along the curb, but believed he could go forward on the running board with safety. One of these cars was a truck which was parked with its rear wheels somewhat further from the curb than the front wheels making it protrude further than the other cars. When the plaintiff came to a point opposite the vacant seat he took hold of a grab handle on the car, and was in the act of stepping from the lower to the upper running board, when he was struck by the rear of the truck which grazed the running board of the trolley car as it passed. The trolley car at the time of the accident was traveling from twenty to thirty-five miles an hour. The

motorman failed to observe the proximity of the truck to the trolley car, and neither he nor the conductor gave any warning to the passengers on the running board.

The defendant offered no evidence but claimed that the evidence offered by the plaintiff proved that no one but the plaintiff was knocked off the running board, though others were standing on the lower running board, that the parked cars were plainly visible to those on the running board and were seen by the plaintiff, and that some part of the plaintiff's body protruded beyond the running board which did not come in contact with the truck.

One of the allegations of the complaint was that the defendant was negligent in not giving the plaintiff any reasonable warning of the approaching danger. As to this the court charged the jury as follows: "As the representative of the street car company the motorman owed to every passenger on the car extraordinary care. As to any of them that might be on the running board, the highest reasonable degree of care, vigilance and forethought, which was consistent with the mode of conveyance and the practical operation of the road, was due from the company, and this would require that they should be given warning of the possible dangers as they came near to any parked vehicles which might in any way endanger the safety of those passengers on the running board." The defendant claims that the court erred in charging the jury that it was the duty of the motorman to warn passengers upon the running board of the possible danger involved in passing the parked vehicles. It contends that there was no duty to warn and that, if it was not entitled to a charge to that effect, the question of what conduct on his part would have constituted due care should have been left to the jury as a question of fact.

The duty owed by the motorman to the plaintiff was, as the court correctly charged, to exercise the highest reasonable degree of care, vigilance and forethought consistent with the mode of conveyance and the practical operation of the road. This standard of care is fixed by the law. What conduct on his part is necessary to comply with his duty to exercise the degree of care required by this standard must depend upon the circumstances, and will ordinarily be a question of fact for the trier. In charging that the degree of care due to the plaintiff as a passenger upon the running board required that the motorman should give him warning of the possible danger as the car approached the parked vehicles the court determined for the jury, not only the standard of care, but the particular conduct required to comply with the degree of care fixed by that standard. It was conceded that the motorman gave no warning, and the court's charge that it was his duty to do so was in effect a charge that he was negligent as a matter of law because of his failure to do so. In this we think the court erred. The passing in rather close proximity to vehicles parked along the curb is a not unusual incident of travel in the operation of a trolley car through narrow and congested city streets. If an absolute duty rested upon the motorman to warn passengers riding upon the running board of the possible danger that any portion of their bodies protruding beyond the edge of the running board might come in contact with such vehicles, he would have little opportunity for other duties and the imposition of such a duty would not be consistent with the practical operation of the road. The plaintiff himself offered proof that he saw the parked vehicles but believed he could go forward with safety, and there was evidence, according to the defendant's claim, that some portion of the plaintiff's

body protruded beyond the running board, that the running board itself did not come in contact with the truck, and that none of the other passengers standing on it were knocked off. Upon this proof the jury might reasonably have found that the danger was as obvious to the plaintiff as to the motorman, and that the latter might reasonably have anticipated that his car could pass the parked vehicles without endangering the safety of passengers who were standing on the running board in the exercise of due care. If, however, in the exercise of the high degree of care imposed upon him he should reasonably have anticipated that the conditions involved such danger, it would have been his duty to give warning of it. Whether under the circumstances the high degree of care required of him necessitated the giving of a warning was a question of fact for the jury. His failure to give it was not negligence as a matter of law.

The charge that the duty owed to passengers required that they should be given warning of the possible danger as they approached the parked vehicles followed closely language used in the opinion of the court in the case of *Hinckley* v. *Danbury,* 81 Conn. 241, 243, 70 Atl. 590. In that case the conductor upon a street car, who was standing on the running board, was injured by coming in contact with a barrier erected in the street by the city. The action was one against the city which claimed that the proximate cause of the injury was the negligence of the motorman in failing to give warning. The court held that the facts showed no failure of duty on the part of the motorman in not warning the conductor of an obstruction which the latter, as well as he, had an opportunity to see, but stated, in the course of the opinion, that the care due from the company toward passengers who might be on the running board would require that they should

be given warning of the possible danger as they came near the barrier. The statement was not necessary to the decision of the case, which did not involve any question of the duty owed to passengers, and is not applicable to the facts of this case. If it could be considered as laying down a general rule governing the operation of trolley cars under all circumstances, it would be too broad a statement of the duty devolving upon the company. No doubt there are cases of a danger arising which is not apparent to the passengers but which is known or ought to be known to the employees of the company, when the situation is such that there is a positive duty to warn and a failure to do so would constitute negligence as a matter of law. Such was not the situation in the present case.

There is error and a new trial is ordered.

In this opinion the other judges concurred.