AIDA LOVELL *vs.* CITY OF BRIDGEPORT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 9th—decided April 25th, 1933.

*John T. Cullinan,* with whom, on the brief, was *Joseph J. Devine,* for the appellant (defendant).

*Lawrence S. Finkelstone* and *George N. Finkelstone,* with whom, on the brief, was *James C. Shannon,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover damages for a fall upon a sidewalk in the defendant city, and from a judgment entered upon a verdict in her favor the defendant has appealed. The sidewalk in question consisted of concrete slabs; a large tree stood in the half of the sidewalk nearer the curb, and the slab which surrounded it, irrgular in

shape, was broken and displaced; and a slab in the other half was somewhat displaced and broken along its edge, running across the line of the walk, where it met the adjoining slab. All the claims of error are addressed to the charge of the trial court.

The mere failure of the court to characterize the cause of action as one under the statute, General Statutes, § 1420, rather than one of common-law negligence, would furnish no ground for reversal, provided the court had adequately charged the jury as to the elements involved and the burden of proof resting upon the plaintiff. *Frechette* v. *New Haven,* 104 Conn. 83, 92, 132 Atl. 467; *Rogers* v. *Meriden,* 109 Conn. 324, 326, 146 Atl. 735. The difficulty with the charge before us, is that it did not explain to the jury those elements in a way reasonably sufficient for their guidance. It did state that the defendant was not an insurer of the safety of its streets, and that its duty was to exercise reasonable care in their supervision and maintenance, but it went no farther into an explanation of the circumstances to be considered in determining whether reasonable care had been used by the defendant than to state that it "meant reasonable care in view of the burdens which rest upon a city." Of course the burdens upon a city which are to be considered in determining whether it has performed its duty in the supervision and maintenance of its streets and sidewalks, are not the general burdens resting upon it as a municipal corporation, but the particular burdens relevant to its obligation to maintain all its streets and sidewalks in a reasonably safe condition. The statement of the trial court failed to indicate to the jury in any way the circumstances and conditions which they might properly consider in determining whether the city had fulfilled its duty. *Kristiansen*

v. *Danbury,* 108 Conn. 553, 558, 143 Atl. 850; *Bjork-man* v. *Newington,* 113 Conn. 181, 184, 154 Atl. 346.

Perhaps a more serious criticism of this charge, is that nowhere in it does the trial court point out to the jury that a sidewalk is not to be considered defective unless it is found not to have been in a reasonably safe condition. The duty of a city is not to exercise reasonable care to make its streets and sidewalks entirely safe for passersby, but only to make them reasonably safe. *Frechette* v. *New Haven, supra,* p. 87; *Horton* v. *Macdonald,* 105 Conn. 356, 361, 135 Atl. 442. The statement of the claims of proof in the record do not indicate the particular circumstance which caused the plaintiff to fall, but if that fall was due to the condition of the walk where the two slabs opposite the tree came together, certainly a charge properly defining a defect in the sidewalk would be necessary for the guidance of the jury.

While the trial court correctly charged the jury as to the duty of the plaintiff to exercise reasonable care for her own safety, and at one point stated that the plaintiff had a burden to exercise that care as she walked along the street, nowhere did it make it clear to them that, if she failed to exercise such care, she could not recover, and in summarizing the issues at the end of the charge, the court entirely omitted any reference to the question of the plaintiff having exercised reasonable care and the burden resting upon her to establish that she had. Here again we must conclude that the charge failed sufficiently to explain the issues to the jury.

The trial court was evidently endeavoring to give a charge much shorter than that usual in cases of this nature. While it is highly commendable to make instructions to a jury as brief and simple as possible, an attempt to do this requires great care on the part of

the court, lest it omit some essential element of the case or fail to give the jury sufficient instructions for their guidance. " 'It is the duty of the court in every case to give to the jury sitting in that case such instructions as are applicable to the issues raised and sufficient for their guidance in coming to a verdict in the case before them.' " *Lindquist* v. *Marikle,* 99 Conn. 233, 236, 121 Atl. 474; *Bjorkman* v. *Newington, supra,* p. 185. We cannot read this charge as sufficient to meet that test.

There is error and a new trial is ordered.

In this opinion the other judges concurred.