## RAYMOND MASSI, P.P.A.
vs.
## CITY OF NEW HAVEN

Superior Court    New Haven County    File #47003

Present: Hon. EDWIN C. DICKENSON, Judge.

M. C. Resnik,
Morris B. Straka,    Attorneys for the Plaintiff.

Corporation Counsel,    Attorney for the Defendant.

MEMORANDUM FILED OCTOBER 21, 1935.

DICKENSON, J. The defendant's employees were clean-ing the sewer on Porter Street, New Haven. To do this they opened three or four manholes, some two to three feet in diameter at the top and nine feet deep. It was on a Saturday morning and a number of boys, among them the plaintiff, five years old, gathered about to watch operations. The boys were driven away from the holes but returned from time to time. The hole in question was opened by digging through about a foot of dirt and the cover removed. When this was done the defendant's employees placed a heavy crate about two feet square and two feet high over the hole with red flags close to the hole as a warning. They then went to the next hole. While they were working on this the plaintiff, who had followed them, went back to the first hole, crawled through the slats of the crate which were some nine inches apart, and apparently fell into the hole. How far he fell does not appear but he was heard to scream and when one of the employees ran to the hole the boy's head was just showing above the level of the street. He apparently had climbed up on a fixed ladder that was built into the hole. The employee pushed the crate aside, pulled the boy out and the boy ran away.

The allegation of the complaint is that while the plaintiff was passing along the street he fell into the hole because of negligence of the city in neglecting a defective condition.

From the facts recited it appears the boy had been warned away and a sufficient guard and warning signs placed over the hole to reasonably serve notice of the danger. The doc-trine of attractive nuisance can not be applied to the situa-tion and "The duty of a city is not to exercise reasonable care to make its streets and sidewalks entirely safe for passers by, but only to make them reasonably safe." **Lovell vs. Bridgeport, 116 Conn., 565-568.**

The case is comparable factually with **Lombardo vs. Wallad 98 Conn.**, in some respects but not in the essential ones. There a defendant left a fire burning with children gathered about while he went for water to put it out. While he was gone a boy thrust a lighted stick from the fire against a girl's dress causing it to take fire and burn her.

The court said in effect that if he knew children were likely to play about the fire and be in danger of being burned it was his duty to guard the fire and prevent this event if he could by the exercise of due care which in the circumstances was great care. But it further said "if a man of ordinary sagacity and experience acquainted with all the circumstances could have reasonably anticipated that the intervening event might not improbably but in the natural and ordinary course of things follow his act of negligence" he would be negligent. The case indeed turned upon the question of intervening cause, but assuming the child in the instant case to have been free of negligence or too young to be charged with contributory negligence it can hardly be said that the defendant could reasonably have anticipated a child could or would crawl between the slats nine inches apart in order to fall down the hole. It was not probabl~ although it in fact happened.

It is found the defendant was not negligent.

Judgment is directed for the defendant.