MADELINE DI ROSSI *vs.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued December 1st, 1936—decided January 8th, 1937.

*Raymond E. Baldwin,* for the appellant (defendant).

*Charles E. Moore* and *P. Lawrence Epifanio,* for the appellee (plaintiff).

AVERY, J. The plaintiff in this action claims that she was riding as a passenger in a motor bus operated by the defendant as a common carrier of passengers; and that on April 21st, 1934, at about 2 p. m., a col-

lision occurred at the intersection of Main Street and Park Row in Stamford between the bus and an automobile, whereby she was thrown violently against the operator's seat and injured. She claimed that her injuries were caused by the negligence of the driver of the bus. The case was tried to the jury and a verdict returned for the plaintiff which the trial court refused to set aside upon motion of the defendant. The only error claimed upon this appeal is the action of the trial court in refusing to set aside the verdict.

Taking the view of the evidence most favorable to the plaintiff, the jury might reasonably have found the facts as follows: Main Street in Stamford runs approximately east and west and is intersected by Park Row which runs north and south and extends into Atlantic Street. The plaintiff boarded the bus at a platform in front of the town hall intending to proceed out Atlantic Street to the Stamford Hospital. The bus proceeded easterly on Main Street to a point opposite the southeast corner of Central Park and there came to a stop headed northerly. At that time, there was heavy traffic proceeding westerly on Main Street and the operator of the bus awaited a signal from a traffic officer who stood between two sets of trolley tracks on Main Street. The officer, observing a break in the traffic which was proceeding to the west, blew his whistle and put up his hand to stop an automobile operated by Nina C. Klett which, at that time, was proceeding westerly on Main Street at about one hundred feet distance. At the same time, the officer signalled the operator of the bus to proceed northerly across the line of traffic on Main Street. The officer observed that the Klett car had not stopped, so he stepped to the north over the northerly side of the car tracks ahead of the bus, holding his hand as a signal to the Klett car to stop, which it failed to do.

In the meantime the driver of the bus, upon the officer's first signal, proceeded to cross Main Street. There were four gears on the bus and he started in second. As he was proceeding, he saw the officer hold up his hand for the Klett car, which was then some thirty feet distant, to stop, the bus being about midway across the trolley tracks. The driver of the bus, thinking that the other car was going to stop and without watching it further, continued across, at the same time changing his gears from second to third. The bus was then moving at about fifteen miles an hour and the Klett car at a speed of from fifteen to twenty. The two vehicles collided, the left front of the bus striking the Klett automobile on its left side. At the time of the collision, the Klett car was at a standstill with the emergency brake on and the motor turned off. By the force of the collision and the abrupt stop thereby caused, the plaintiff was thrown against the driver's seat and injured. On that day, the weather was clear and the pavement of the street, which was warrenite, was dry.

From these facts, the jury might reasonably have concluded that the driver of the bus, knowing that the Klett car was approaching and without taking any steps to ascertain whether the driver was going to obey the traffic officer's signal to stop, instead of assuming that she was about to do so and accelerating the speed of the bus, in the exercise of proper care should have stopped the bus and avoided the collision. The traffic officer's signal did not authorize the operator of defendant's bus to proceed in a negligent manner or to proceed at all if to do so necessarily exposed others to harm. *Distefano* v. *Universal Trucking Co.*, 116 Conn. 249, 252, 164 Atl. 192. As a carrier of passengers for hire, the defendant was bound to exercise the highest degree of care and skill which

reasonably may be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended. *Roden* v. *Connecticut Co.,* 113 Conn. 408, 410, 155 Atl. 721; *Belledeau* v. *Connecticut Co.,* 110 Conn. 625, 628, 149 Atl. 127; *Murray* v. *Lehigh Valley R. Co.,* 66 Conn. 512, 518, 34 Atl. 506; *Derwort* v. *Loomer,* 21 Conn. 245, 254. Upon the evidence certified, it was a question of fact for the jury to determine whether or not the driver of the bus failed to exercise the degree of care for the protection and safety of the plaintiff which the law required of a common carrier under the circumstances, and whether or not his failure to exercise such care was a substantial factor in causing the plaintiff's injuries. It follows that the trial court was not in error in refusing to set aside the verdict of the jury.

There is no error.

In this opinion the other judges concurred.