ALICE PECK *v.* EDWARD FANION ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 16th—decided July 15th, 1938.

*John A. Danaher,* with whom was *Andrew S. Aharonian,* for the appellant (plaintiff).

*Robert J. Halloran,* with whom, on the brief, was *William J. Willetts,* for the appellees (defendants).

AVERY, J. The plaintiff brought this action against the owner and the driver of a taxicab, claiming that while riding as a passenger for hire therein a collision occurred at the intersection of Daly Avenue and Oak Street in New Britain between the conveyance in which she was riding and a motor vehicle, and that she was injured. The case was tried to the jury and a verdict returned in favor of the defendants. From the judgment entered thereon the plaintiff has appealed. The only assignments of error on this appeal relate to the charge of the court as to the degree of care required of the defendant driver and in relation to concurrent negligence. The plaintiff claimed to have proved these facts: She was a saleswoman residing in New Britain. On January 24th, 1937, at about 12.30 a. m. she caused a telephone message to be sent to the named defendant for a taxicab to call for her at Friar's Grille in New Britain. Shortly thereafter a taxicab owned by Edward Fanion and operated by his servant and agent, the defendant Ladislaw Charamut, who was duly authorized to transport the plaintiff, called at the Grille and accepted the plaintiff and Emma O'Day as passengers. After leaving the other passenger at her home the taxicab proceeded north on Main Street to transport the plaintiff to her home on Allen Street. As it approached the intersection of Oak Street and Daly Avenue it was traveling at the rate of fifty miles per hour and increasing speed. The driver did not sound his horn as he approached the intersection or attempt to reduce his speed and was not keeping a proper lookout for other automobiles. As a result of his careless operation another automobile driven by a man named Stanko was struck, and the taxi in which

the plaintiff was riding was over-turned three times and the plaintiff injured.

The defendants claimed to have proved: That the named defendant was operationg a taxi business in New Britain with offices on Washington Street under the name of the Auburn Taxicab Company. About 12.30 a. m. a telephone call was received by the starter of the taxicab company to send a cab to Friar's Grille on Main Street. A cab was sent to that place and the driver, Charamut, inquired at the door if anyone desired a taxicab and thereafter the plaintiff and Mrs. O'Day proceeded to get into the cab. After leaving Mrs. O'Day at her home the driver proceeded to the place of the collision when the cab was run into by an automobile negligently driven by Stanko.

The plaintiff claims that the trial court failed to instruct the jury as to the degree of care required by law of the defendants in the operation of their taxicab, toward the plaintiff as a passenger. The trial court instructed the jury that, "One who is transporting a passenger for hire is required to exercise a high degree of care and skill in the operation of his vehicle, that high degree of care that reasonably might be expected of a reasonably prudent person, having contracted to transport one, in view of the means of conveyance employed and the dangers naturally to be anticipated." The charge of the court upon this subject was not adapted to define the duty of a common carrier of passengers. "The duty of a common carrier of passengers . . . is only satisfied if it exercises the highest degree of care and skill which reasonably may be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended." *Roden* v. *Connecticut Co.*, 113 Conn. 408, 410, 155 Atl. 721; *Anthony* v. *Connecticut Co.*, 88 Conn. 700, 703, 92 Atl.

672; *Di Rossi* v. *Connecticut Co.*, 122 Conn. 372, 374, 188 Atl. 926.

In the complaint the defendants' vehicle was described as a motor cab and as a taxicab interchangeably. In the claims of proof of both parties the vehicle is described as a taxicab in which the plaintiff was riding as a passenger. General Statutes, Cum. Sup. 1935, § 1425c, provides: "Each person, association or corporation owning or operating a taxicab is declared to be a common carrier and subject as such to the jurisdiction of the public utilities commission," etc. A taxicab is defined by General Statutes, § 3855, as follows: "The term 'taxicab' shall mean and include any public service motor vehicle operated upon any street or highway or on call or demand accepting or soliciting passengers indiscriminately for transportation for hire between such points along streets or highways as may be directed by the passenger or passengers so being transported, provided nothing in this chapter shall be construed to include, as a taxicab, a motor bus as defined in section 1548, or a motor vehicle in livery service when such motor vehicle shall be hired for a specific trip or trips and shall be subject to the direction of the person hiring the same." General Statutes, § 1548, defines a motor bus to "include any public service motor vehicle operated in whole or in part upon any street or highway in such manner as to afford a means of transportation similar to that afforded by a street railway company by indiscriminately receiving or discharging passengers, or running on a regular route or over any portion thereof or between fixed termini." While it is not specifically found that any evidence was offered that the defendants on call or demand accepted or solicited passengers indiscriminately, the reasonable inference from the evidence found to have been offered is that such was the case, and the trial

court should have perceived that the defendants' vehicle was a common carrier and that the liability of the defendants was to be determined upon that basis. In such a situation, even without a specific claim that it was such a carrier, it was the duty of the court to give the jury instructions adequate for their guidance in determining the liability of the defendants upon that basis. *Lindquist* v. *Marikle*, 99 Conn. 233, 236, 121 Atl. 474; *Bjorkman* v. *Newington*, 113 Conn. 181, 185, 154 Atl. 346. The charge failed to correctly instruct the jury as to the duty resting upon the defendants and must be held to be erroneous.

The claim of the plaintiff that the instructions of the court were inadequate upon the question of concurrent negligence is not well taken. Upon that subject the trial court instructed the jury at some length, but the substance of its instruction is contained in the statement: "If the negligence of Charamut [defendant driver] in the driving of his taxicab was a substantial factor in causing the injury and there was also negligence on the part of the other driver . . . which contributed to the injury, then a right of recovery here exists against these defendants." This was an accurate summation of the principles of law upon the subject of concurrent negligence applicable to the situation raised by the claims of the parties. *Sullivan* v. *Krivitsky*, 100 Conn. 508, 511, 123 Atl. 847; *Willows* v. *Snyder*, 116 Conn. 213, 215, 164 Atl. 385; *Kilday* v. *Voltz*, 117 Conn. 170, 172, 166 Atl. 754. We find no error in the charge of the court upon this subject.

In a reply brief the defendant has quoted at length from statements made before the committee of the Legislature when having General Statutes, Cum. Sup. 1935, § 1425c, under consideration, for the purpose of showing their conception of its meaning. It is well

settled that evidence of what occurred at a committee hearing is not admissible as tending to show the legislative purpose in the passage of a law. *Litchfield* v. *Bridgeport,* 103 Conn. 565, 573, 131 Atl. 560; *State* v. *Blake,* 69 Conn. 64, 75, 36 Atl. 1019.

There is error and a new trial is ordered.

In this opinion the other judges concurred.