STEFFIE PARDO *v.* LOUIS KACZOROWSKI.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 6—decided June 4, 1943.

*M. J. Blumenfeld,* with whom, on the brief, was *DeLancey Pelgrift,* for the appellant (defendant).

*Robert P. Butler,* for the appellee (plaintiff).

ELLS, J. This appeal involves the adequacy of a charge to the jury concerning an issue of contributory negligence. The plaintiff offered evidence that the defendant, alone in the front seat, was operating an automobile, a two-door coach, at a speed of about thirty to thirty-five miles an hour on a straight road. The plaintiff and another woman were in the rear seat and

were gratuitous passengers. A sudden and heavy downpour of rain occurred. The defendant closed the left front window. The plaintiff told him that the rain was coming in through the open right front window, and that she and the other passenger were getting wet. The defendant replied that he could not reach over to close it because he was driving the car, whereupon the plaintiff said she would close it for him. He replied, "All right, go ahead." Thereupon she arose, leaned over the back of the front seat and reached for the handle operating that window. The defendant, with knowledge that she was in this position, suddenly, and without warning, applied the brakes and brought the car to a quick stop, causing her to pitch forward over the back of the seat and strike her head violently against the instrument board. The defendant alleged in substance in his answer and offered evidence to prove that the plaintiff was guilty of contributory negligence in that although she knew the defendant was about to turn left at an intersection she voluntarily arose from a seated position in the rear seat while the car was in motion and leaned over the folding back of the right front seat and, although she knew that this seat was collapsible, so placed her weight that the back folded over forward, thus causing her own injuries.

Upon the pleadings and claims of proof of the parties they were entitled to an adequate charge concerning their respective legal duties. The court correctly defined negligence as the doing of something which a reasonably prudent person would not have done under like conditions and circumstances, or the failure to do that which a reasonably prudent person would have done under similar circumstances and conditions. It discussed in detail the several charges of negligence made against the defendant, and ade-

quately explained and applied the law to the claims of proof of the parties. It then stated the defendant's claim that the plaintiff was guilty of contributory negligence, specified the reasons upon which the allegation was based, gave correct instructions concerning the burden of proof and said: "So, on the whole evidence, you must be satisfied, in order for the plaintiff to recover, that the plaintiff was not guilty of negligence which was a substantial factor in causing her injuries." After again explaining what would constitute actionable negligence upon the part of the defendant, it charged that if the jury found such negligence they must then determine whether the plaintiff was negligent, and, if she was, must determine whether her conduct was a substantial factor in causing her own injuries, and said: "If you find that it was, and that both the defendant and the plaintiff were negligent, that the negligence of both, or, rather, of each, constituted a proximate cause of the accident, then the negligence of the defendant is counterbalanced by the contributory negligence of the plaintiff, and your verdict should be for the defendant." The court later referred to the duty of the plaintiff to exercise reasonable care as a prerequisite to a verdict for her.

The court did not specifically define the meaning of the term "contributory negligence." It is not essential that the jury should be given a definition of contributory negligence in so many words, provided the instructions touching negligence, proximate cause and the standard of care required of the plaintiff fully serve the purpose of such a definition. *Huber* v. *Douglas, Inc.*, 94 Conn. 167, 182, 108 Atl. 727. The court defined negligence in the words heretofore stated and instructed the jury that if the plaintiff was guilty of negligence which was a substantial factor in causing her injuries she could not recover. This was ade-

quate. *Stickney* v. *Epstein,* 100 Conn. 170, 175, 123 Atl. 1. The instant case is distinguishable from *Greenberg* v. *Branciere,* 100 Conn. 596, 600, 124 Atl. 216, because in that case no definition of negligence was given.

While it would have been better had the court stated that the definition of negligence was the same whether applied to the conduct of the defendant or of the plaintiff, and charged expressly that the plaintiff was under a duty to exercise reasonable care for her own safety in view of the circumstances of her situation, the charge as a whole must be held to have been adequate for the proper guidance of the jury.

There is no error.

In this opinion the other judges concurred.