PAUL KRENTZMAN *v.* THE CONNECTICUT COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 4—decided December 13, 1949.

*George J. Yudkin,* with whom, on the brief, was *Harold B. Yudkin,* for the appellant (plaintiff).

*Thomas J. O'Sullivan,* with whom, on the brief, was *E. H. Hall,* for the appellee (defendant).

ELLS, J. The plaintiff was a passenger on an open trolley car operated by the defendant and, while standing upon the running board, was jostled by another passenger, lost his footing, and either fell or jumped to the street. Judgment was for the defendant and the plaintiff has appealed.

A high school football game was played at Yale Bowl in New Haven on the morning of Thanksgiving Day, 1947. The defendant provided open trolley cars to transport spectators to and from the game. At its termination, the plaintiff and a companion, another schoolboy, boarded a car. They were unable to find seats and during the journey toward the center of the city they stood on the upper running board, holding onto vertical handrails. The car proceeded along Derby Avenue from the Bowl to a street known as the Boulevard, crossed it, and proceeded through one block to Meade Street. The trial court found that during the slow progress of the car through this block some of the young passengers, exuberant over the victory of their team, began to sing, cheer, wave school banners and indulge in good-natured jostling; that in the course of this demonstration the plaintiff was jostled, lost his footing on the running board and either fell or jumped to the street; that whatever outburst of youthful enthusiasm occurred broke out in the block between the Boulevard and Meade Street; and that it did not appear that either the motorman or the conductor had opportunity or means to restrain the enthusiastic outburst in that short time and distance.

The complaint contains no claim of negligence in failing to furnish enough trolley cars, in permitting the overcrowding or overloading of this particular car, or in allowing the plaintiff to ride on the running board. The only allegation is to the effect that the defendant was negligent in failing to provide suitable supervision over the passengers in view of the circumstances.

An assignment of error seeks a correction of the finding that the demonstration broke out in the block between the Boulevard and Meade Street. The plaintiff contends that the passengers were boisterous and rowdy from the time the car was being loaded at Yale Field,

that their conduct continued to the moment of the accident, and that the conductor and motorman had time to stop the commotion before the plaintiff was hurt. The only evidence was that of the two youngsters, to the effect that while the car was being loaded, before it left Yale Field, some of the boys were nudging and pushing other passengers and that thereafter, when the car was about two and a half blocks from where the plaintiff fell, boys and girls "started to get rowdy." It is upon this testimony that the plaintiff bases his claim for a correction of the finding. "A fact is not admitted or undisputed merely because one or more witnesses testify to it and no one denies it, for it is for the trial court to determine what credence it will give to the witnesses. Practice Book, § 353. . . ." *Morse* v. *Morse,* 128 Conn. 138, 139, 20 A. 2d 730. The trial court cannot find certain facts merely because it disbelieves testimony that the opposite is true; *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153, 32 A. 2d 639; but if there is express testimony which, in connection with reasonable inferences therefrom, is sufficient to sustain its finding, the principle is inapplicable. *Palladino* v. *Nardi,* 133 Conn. 659, 662, 54 A. 2d 265. In the present case, in view of the unconvincing nature of the boys' testimony as to where the commotion began and their further evidence that during the entire journey they were standing quietly on the step, facing each other, engaged in conversation, and apparently oblivious to the conduct of the other passengers, we cannot say that the court drew improper or unreasonable inferences. The finding cannot be corrected.

The plaintiff claimed that the defendant was negligent in not providing suitable supervision over the passengers and in failing to exercise the utmost vigilance in maintaining order and guarding the passengers against violence, from whatever source arising, which

might reasonably be anticipated or naturally be expected to occur in view of the circumstances and of the number and character of the persons on board. The latter claim is expressed in the language found in *Murray* v. *Lehigh Valley R. Co.*, 66 Conn. 512, 518, 34 A. 506. *Belledeau* v. *Connecticut Co.*, 110 Conn. 625, 627, 149 A. 127. In *Peck* v. *Fanion*, 124 Conn. 549, 551, 1 A. 2d 143, we quoted from *Roden* v. *Connecticut Co.*, 113 Conn. 408, 410, 155 A. 721: "The duty of a common carrier of passengers . . . is only satisfied if it exercises the highest degree of care and skill which reasonably may be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the danger naturally to be apprehended." In *Maher* v. *Connecticut Co.*, 113 Conn. 556, 155 A. 854, the plaintiff was standing on the running board of an open trolley car operated by a two-man crew, a conductor and a motorman. He was struck by a parked truck which grazed the running board of the trolley car, and he claimed that the defendant was negligent in not giving him any reasonable warning of the approaching danger. The trial court charged in effect that the motorman was negligent as a matter of law in failing to warn the plaintiff. We said (p. 559): "The duty owed by the motorman to the plaintiff was . . . to exercise the highest reasonable degree of care, vigilance and forethought consistent with the mode of conveyance and the practical operation of the road. This standard of care is fixed by the law. What conduct on his part is necessary to comply with his duty to exercise the degree of care required by this standard must depend upon the circumstances, and will ordinarily be a question of fact for the trier."

In the present case, the court found that neither the motorman nor the conductor "had opportunity or means to restrain the enthusiastic outburst in that

short distance," that is, in the block between the Boulevard and Meade Street. Whether upon the facts of the case the defendant met the standard of care required by our law was a question of fact and we cannot hold that it was improperly decided.

As part of the defendant's case, the plaintiff's attorney was called to the stand and sworn as a witness. The following question was asked: (1) "Now what I have put you on the stand for is to ask you this and that is: What do you think that the Connecticut Company could have done, and which it did not do on the day of this accident?" There was manifest impropriety in this procedure, but, as neither the draft finding nor the finding shows that this and two similar questions were answered or that exceptions were taken, the rulings present nothing for our further consideration. Practice Book § 158.

There is no error.

In this opinion BROWN, JENNINGS and DICKENSON, Js., concurred; MALTBIE, C. J., dissented.