JOSEPHINE FEDUKOWSKI *v.* ALOYSIUS FEDUKOWSKI

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 58019

Memorandum filed March 19, 1953.

*Thaddeus Maliszewski,* of Hartford, for the Plaintiff.

*Woodhouse, Schofield & Fay,* of Hartford, for the Defendant.

COTTER, J. The plaintiff and defendant are husband and wife. The defendant was driving his car on the highway. His daughter, Linda, was a passenger in the rear seat. The plaintiff, who was pregnant, "was standing at the curb in front of her home a short distance away from the approaching car when she saw the right door of the car open and her daughter, Linda, fall out of the car landing on her face and stomach." She became frightened, ran over to her daughter, picked her up and carried her into the house. As a result the plaintiff suffered a miscarriage and "a severe and permanent shock to her nervous system." She seeks recovery because of defendant's claimed negligence.

The complaint specifies negligence in the operation of the car by the defendant, his failure to properly close the door and lock it, his failure "to come to the aid of his daughter," and his continuation of the operation of the car after the child had fallen.

The defendant demurs to the complaint on the ground that it does not appear "the injuries alleged proximately caused fright or shock to one who was within the range of ordinary physical danger."

The question to be determined involves a consideration of the basic principles of the law of negligence. Negligence has been defined as "the doing of something which a reasonably prudent person would not have done under like conditions and circumstances, or the failure to do that which a reasonably prudent person would have done under similar circumstances and conditions." *Pardo* v. *Kaczorowski,* 130 Conn. 182, 183. "Negligence is a breach of duty. *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 170." *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 304.

To recover, plaintiff must show there was a duty on the part of the defendant husband to so conduct himself with respect to the child as not to subject the mother to an unreasonable risk of shock or fright resulting in a miscarriage. She must show she has a legally protected right or interest to be free from the injuries claimed occasioned by the peril to her child. It is not enough to find a breach of duty as to the child in order to establish a cause of action in behalf of the mother.

Although we have no Connecticut case which has passed upon this very issue, some have arisen in other jurisdictions. Judge Cardozo (later Justice Cardozo) in a leading case discussed a similar problem and arrived at a conclusion which seems to be supported by the reasoning in the *Collins* and *Urban* cases, based upon fundamental principles of the law of negligence. In that case the plaintiff was standing in the depot of the Long Island Railroad Company when a package of fireworks, dropped by a passenger who was being assisted by a station guard to board a train, fell upon the rails, exploded and caused some scales many feet away on the platform to fall on the plaintiff. Judge Cardozo had this to say: "Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right. . . . The plaintiff sues in her own right for a wrong personal to her, and not as the vicarious beneficiary of a breach of duty to another. . . . The passenger far away, if the victim of a wrong at all, has a cause of action, not derivative, but original and primary. His claim to be protected . . . is neither greater nor less because the act resulting in the invasion is a wrong to another far removed." *Palsgraf* v. *Long Island R. Co.*, 248 N.Y. 339, 341, 342, 343, 59 A.L.R. 1253.

The Wisconsin Supreme Court followed Judge Cardozo's decision in 1935 in a case in which the de-

fendant operator struck and killed a minor child in front of her home and in the presence of her mother, who was standing on the sidewalk. The mother "became hysterical, sick, and prostrated through fright, shock, and excessive sudden emotional disturbances." She was bedridden for three weeks and died. As a result suit was brought. The court did not consider the question as one involving proximate cause but that the basis of recovery would be the breach of a duty, and in sustaining a demurrer had this to say: "It is not enough to find a breach of duty to the child, follow the consequences of such breach as far as the law of proximate cause will permit them to go, and then sustain a recovery for the mother. . . ." *Waube* v. *Warrington,* 216 Wis. 603, 605, 98 A.L.R. 394. The court concluded (p. 613) that we must balance "the social interests involved in order to ascertain how far defendant's duty and plaintiff's right may justly and expediently be extended" for physical injuries sustained by her out of the range of ordinary physical peril as a result of the shock of witnessing the danger to her child. It held that such consequences are so unusual and extraordinary, viewed after the event, that a user of the highway may be said not to subject others to an unreasonable risk of them by the careless management of his vehicle. The court also felt that to hold differently would place an unreasonable burden upon users of the highway and open the way to fraudulent claims.

Opposed to the reasoning and holding of the above cases is an English case decided in 1925 allowing recovery by a husband for the death of his wife occasioned by her becoming frightened when a lorry negligently rolled down a street and crashed into a house injuring her daughter. The mother, who was pregnant, suffered a nervous shock which brought on a hemorrhage. She was operated on, a dead fetus was removed and she died. The English court held

that the defendant ought to have anticipated that if his lorry ran away down this narrow street, it might terrify some woman to such an extent, "through fear of some immediate bodily injury to herself, that she would receive such a mental shock" as would injure her health. *Hambrook* v. *Stokes Bros.*, [1925] 1 K.B. 141, 151. The decision and reasoning in this case have been disapproved in many jurisdictions in this country, and later English cases have qualified its holding to such an extent that it has been deprived of the authority for which it once was followed. In a later case the lord justices distinguished the case, saying the defendant had admitted a breach of duty directly to the plaintiff in its answer by a general admission of negligence. *Hay* v. *Young*, [1943] A. C. 92.

There were no allegations in the present complaint to bring it within the case of *Figlar* v. *Gordon*, 133 Conn. 577, for instance, in which the defendant bus driver caused the diesel motor to roar, frightening the plaintiffs so that they were struck by another motor vehicle. There the court concluded (p. 583) that the bus driver's negligence was a proximate cause of the plaintiff's injuries. It is not claimed in the case at bar that the plaintiff was afraid the defendant's car would negligently strike her.

The only two authorities cited by counsel in the argument upon the demurrer, *Mahoney* v. *Beatman*, 110 Conn. 184, and *Urban* v. *Hartford Gas Co.*, 139 Conn. 301, are distinguishable and not determinative of the present question. The first case concerned proximate cause. The latter case dealt with the breach of a duty which was (p. 304) "the outgrowth of a contractual relationship between the parties." The court discussed the question of damages for fright and mental and emotional disturbances. Our court early recognized and permitted recovery for mental and emotional disturbances, fright or shock

where there was physical injury however slight or comparatively insignificant. Where there was a contemporaneous injury, recovery was allowed for the consequences of fright based upon another's negligence. *Israel* v. *Ulrich,* 114 Conn. 599; *Block* v. *Pascucci,* 111 Conn. 58.

Mental suffering was considered an element of damage if it was the natural and proximate consequence of a physical injury. *Bushnell* v. *Bushnell,* 103 Conn. 583; see *Thompson* v. *Lupone,* 135 Conn. 236. The rule was later stated to be that "where it is proven that negligence proximately caused fright or shock in one who is within the range of ordinary physical danger from that negligence, and this in turn produced injuries such as would be elements of damage had a bodily injury been suffered, the injured party is entitled to recover." *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 239.

The court limited the *Urban* case so that it would not apply to the present case and also distinguished the *Orlo* case, saying (p. 306): "But the principle of the *Orlo* case is inapplicable to the type of tort involved in the case at bar. The wrong perpetrated upon Mrs. Urban was not one which was accompanied by the probability of physical impact. She was the victim of a tort requiring neither physical impact nor danger therefrom."

However, we need not consider the question of damages. Where the plaintiff has suffered physical injuries in addition to fright, shock or mental suffering incurred in only witnessing an accident and injury to her child, she cannot recover in an action of negligence. "[T]he rule is generally based upon the theory that there is no breach of duty to the plaintiff in the action, since the plaintiff was not put in peril or fear of personal injury to himself." 52 Am. Jur. 418; *Waube* v. *Warrington,* 216 Wis. 603; *Cote* v.

*Litawa,* 96 N. H. 174, 18 A.L.R.2d 216; see also 38 Am. Jur. 652, 672.

The demurrer of the defendant is sustained.