MAGDALENA SEFLER, ADMINISTRATRIX, ETC., OF VIN-CENTY SEFLER, DECEASED, PLAINTIFF AND RE-SPONDENT, v. VANDERBEEK AND SONS, INCORPO-RATED, DEFENDANT AND APPELLANT.

Argued November 29, 1915—Decided March 6, 1916.

1. In passing upon a motion for a directed verdict, the court cannot weigh the evidence, but is bound to concede to be true all evidence which supports the view of the party against whom the motion is made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor.

2. An owner or occupier of premises who, by invitation, express or implied, induces a person to come upon the premises is under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation, and this includes the duty to use ordinary care to have the railing of a balcony on the premises in a reasonably safe condition for the purpose for which it was used and intended to be used.

3. Plaintiff's intestate was on defendant's premises on business in which both the decedent and defendant had an interest and he was there by the express invitation of defendant's servants, who referred him to defendant's superintendent in a matter relating to defendant's business. He followed the superintendent to the place where he was told to go. He was thereby exposed to an unusual danger, of which the defendant knew or ought to have known, and was killed by reason of the railing of a balcony being so insecurely placed as to fall when he put his hand upon it, and yet so arranged as to give no warning to anyone using it as it was designed to be used. *Held*, that a motion for a direction of a verdict upon the grounds—*first*, that defendant had per-

formed its duty to decedent; *second,* that decedent exceeded the bounds of his invitation, and *third,* that the evidence raised merely a "conjecture" as to how the accident happened, was properly denied.

4. A refusal to nonsuit for failure of proofs will not justify a reversal if the defect was supplied by evidence thereafter taken in the progress of the cause.

On appeal from the Hudson County Circuit Court.

For the appellant, *Marshall Van Winkle.*

For the respondent, *Herbert Clark Gilson.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff's intestate fell from a balcony in the defendant company's building, where he had gone to buy lumber, and was killed, and this suit was brought to recover damages for his death.

The jury found for the plaintiff and the defendant appeals from the consequent judgment.

We are of the opinion that the judgment must be affirmed.

It will be convenient, first, to deal with the propriety of the refusal of the defendant's motion for a direction of a verdict.

We think it was properly denied.

The argument in favor of the motion is rested upon the grounds—*first,* that the defendant had performed its duty to the decedent; *second,* that the decedent exceeded the bounds of his invitation, and *third,* that the evidence raised merely a "conjecture" as to how the accident happened.

We are constrained to think that the argument is ill-founded as to matters of fact and erroneous as to matters of law.

Of course, in passing upon a motion for a directed verdict, the court cannot weigh the evidence, but is bound to concede to be true all evidence which supports the view of the party against whom the motion is made, and must give him the benefit of all legitimate inferences which are to be drawn

therefrom in his favor. So considered, it was clearly open to the jury to find the following matters of fact:

The defendant company was a dealer in lumber. The plaintiff's intestate visited its premises for the purpose of buying a stick of lumber. He was directed by the defendant's servants to the defendant's superintendent and by him shown some lumber on the first floor. Not finding there what was wanted, the superintendent said, "Come upstairs and I will show you lumber," and he conducted the decedent upstairs to and along a balcony or elevated platform, about three feet wide, in front of the stalls where the lumber was kept. There was a railing about three feet high, on the outside of the balcony, supported by uprights. The ends of the rail were designed to rest in sockets, or grooves, on the top of the uprights. In passing along decedent placed his hand upon the rail, when it came off and decedent fell eleven feet to the ground floor and was killed. This structure, consisting of the uprights and guard rail, had been in use for some years, and the rail was always removed when lumber was passed up from the ground floor to the stalls back of the balcony. On such occasions it sometimes happened that the rail was not immediately replaced properly in the sockets. On the occasion of the happening of the accident in question, the rail did not fall because of any break, nor because any part of the structure broke. It fell because it was not placed in the grooves or sockets of the posts.

Now, of course, an owner or occupier of premises who, by invitation, expressed or implied, induces a person to come upon the premises is under a duty to exercise ordinary care to render the premises safe for the purposes embraced in the invitation (*Phillips* v. *Library Company*, 55 *N. J. L.* 307; *Nolan* v. *Bridgeton and Millville Traction Co.*, 74 *Id.* 559). and this includes the duty to use ordinary care to have the guard rail of a balcony on the premises in a reasonably safe condition for the purpose for which it was used and intended to be used.

In the case at bar, the decedent was on the defendant's premises on business, in which both the decedent and defend-

ant had an interest, and he was there by the express invitation of the defendant's servants, who referred him to defendant's superintendent in a matter relating to the defendant's business. He was following the superintendent to the place where he was told to go. He was thereby exposed to an unusual danger, of which the defendant knew, or ought to have known, and was killed by reason of the guard rail being so insecurely placed as to fall when he put his hand upon it, and yet so arranged as to give no warning to anyone using it as it was designed to be used. The guard rail, so insecurely placed, was, under the circumstances, in the nature of a trap or concealed source of mischief. It was clearly, therefore, open to the jury to find that the defendant was negligent in the performance of its duty to the decedent, and the motion for a direction of a verdict was properly denied. *Nolan* v. *Bridgeton and Millville Traction Co., supra; Smith* v. *Jackson,* 70 *N. J. L.* 183; *Spicer* v. *Boice,* 66 *Id.* 434; *Phillips* v. *Library Company, supra; White* v. *France, L. R.,* 2 *C. P. D.* 308; *Bolch* v. *Smith,* 10 *W. R.* 387; 7 *H. & N.* 736.

It is also contended that the judgment should be reversed because of the refusal of the trial judge to grant the motion for nonsuit made at the close of the plaintiff's case.

Not so. If, as is argued, there was then no evidence that the person who invited the decedent to "come upstairs" was the defendant's superintendent, that defect was supplied by evidence thereafter taken in the progress of the cause. In such case a reversal would not be justified. *Benoliel* v. *Homac,* 87 *N. J. L.* 375.

These conclusions, in effect, dispose of every question argued.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.  13.

*For reversal*—None.