THOMAS PAPA *vs.* S. LANDOW & COMPANY, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

264

Argued February 8th—decided March 7th, 1934.

*Thomas R. Fitzsimmons* and *Philip R. Pastore*, for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

HINMAN, J.   On October 18th, 1932, the plaintiff was upon the premises of the defendant, a wholesale dealer in grapes, and entered a railroad car, to inspect its contents, by means of a short ladder which the defendant had caused to be placed against the car for the use of its customers and which rested upon a wooden platform beside the railroad track.   In leaving the car the plaintiff fell from the door to the platform, suffering the injuries to recover for which he brought this action, claiming that the defendant was negligent with reference to the character of the ladder and the way in which it was placed and that when he put his foot upon the top of the ladder it slipped, causing him to fall.

The finding states that the ladder was substantially constructed and leaned at a slight angle from the platform to the doorway of the car.   Its side pieces were cut square at the bottom, not equipped with

cleats or spurs, the corners on which the ladder was standing were somewhat smooth from wear, and the platform and ladder, at the time, were wet from rain. The ladder was similar in type to all which were used by the defendant for entering and leaving freight cars, but the only place where the defendant maintained a wooden platform was at the particular place the plaintiff entered the car. All other places in the defendant's freight yard where cars would be placed for inspection were so located that the ladder being used would be placed against the car in such a position that the base would be imbedded in gravel. The plaintiff, during the grape season of 1932 up to the time he was injured, had visited the defendant's premises daily for the purpose of buying grapes and had used ladders similar to the one in question for the purpose of entering and leaving cars. As to the manner of the plaintiff's fall, the finding originally stated that "After inspecting the grapes the plaintiff started to leave the refrigerator car and in so doing he stood in the door of the car placing both his arms outwardly at right angles from his body and pressing with his hands against the sides of the car doorway. He stepped forward with his left foot toward the top rung of the ladder, and was about to step with his right foot when he fell to the platform." After the evidence certified for correction of the finding was filed, the trial court amended the latter sentence to read as follows: "He placed his left foot upon the top step of the ladder, his right foot then being upon the platform from which he was leaving the car, he then lifted his right foot and as he did so, he fell to the platform," but made no finding as to the manner in which the plaintiff fell. The record warrants and requires us to add, further, at the instance of the appellant, that when

the plaintiff, with his left foot on the top step, lifted his right foot to place it on the next step, the ladder gave way, slipping beneath his weight, and he fell.

The effect of this correction is potentially material to the conclusions to be drawn from the facts, both as to negligence of the defendant, and as to contributory negligence of the plaintiff which the trial court held to be the only cause of his injury. As to negligence, the defendant's duty was to exercise reasonable care to have its premises reasonably safe for the use of its invitee, and to guard against subjecting him to dangers of which it was cognizant or which it might reasonably have anticipated. *Greenley* v. *Miller's, Inc.*, 111 Conn. 584, 587, 150 Atl. 500; *Bunnell* v. *Waterbury Hospital*, 103 Conn. 520, 525, 131 Atl. 501; *Geoghegan* v. *Fox & Co., Inc.*, 104 Conn. 129, 134, 132 Atl. 408; *Johnson* v. *Pulidy*, 116 Conn. 443, 446, 165 Atl. 355. Consequently it was incumbent upon the defendant to use reasonable care to have the ladder in a reasonably safe condition and secure situation for the purpose for which it was intended to be used. The fact that the ladder slipped and fell, carrying the plaintiff with it, also alters the situation pertaining to contributory negligence from that presented by the original finding, which imported a fall from the car door not caused or contributed to by the ladder or its slipping. In this connection, also, the question is presented whether the ladder was so situated as to be regarded as "in the nature of a trap or concealed source of mischief" (*Sefler* v. *Vanderbeek & Sons*, 88 N. J. L. 636, 639, 96 Atl. 1009) or constituted a condition which the plaintiff, in the exercise of reasonable care, should have observed and avoided.

The issues of negligence and contributory negligence are questions of fact but, for the reasons indicated, a

new trial is required for their determination.  *Haugh v. Kirsch,* 105 Conn. 429, 433, 135 Atl. 568.

There is error and a new trial is ordered.

In this opinion the other judges concurred.