JOHN PRIZIO *v.* ANTHONY PENACHIO

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 95461

Memorandum filed June 1, 1955.

*Marsh, Day & Calhoun,* of Bridgeport, for the plaintiff.

*Joseph G. Shapiro,* of Bridgeport, for the defendant.

THIM, J. In the pending action the plaintiff, a minor, is seeking to recover damages for injuries he sustained when he was struck by a truck owned by the defendant and operated by George Redding. Subsequent to the return day of the writ the plaintiff moved that the defendant be ordered to answer under oath certain interrogatories "which would be of assistance in the prosecution of this action by the plaintiff and which can be provided by the defendant with substantial greater facility than it can be obtained by the plaintiff." The following interrogatories appear in the motion:

1. Is George Redding now employed by you?

2. If not, state when he left your employ and why?

3. How long has George Redding been employed by you prior to June 7, 1954?

4. Where is George Redding now?

5. If you do not know where George Redding is, what is your best information as to his whereabouts?

6. Was the truck in any way damaged in the accident?

7. If so, what part or parts were in any way damaged?

8. Did George Redding make a written report of the circumstances of the accident to the Commissioner of Motor Vehicles?

9. If not, why not?

10. Did you make such a report to the Commissioner of Motor Vehicles?

11. If not, why not?

12. What was the speed in miles per hour of the truck driven by George Redding just prior to its striking the plaintiff?

13. Did you make any investigation of George Redding's ability as a driver prior to the time that you employed him?

14. If so, state the results of such investigation.

15. Did George Redding see the plaintiff prior to his striking him?

16. If so, did George Redding slow the speed of the truck prior or subsequent to the accident involving the plaintiff?

17. Had George Redding had other accidents either prior or subsequent to the accident involving the plaintiff?

18. If so, state when, where and circumstances involved in each one?

19. What statements did George Redding make to you concerning this accident?

20. Do you now have or did you ever have any written reports concerning this accident in your files?

21. If so, state their contents.

22. Did George Redding, while he was in your employment, work regularly and reliably?

23. If not, in what way was he irregular or unreliable?

24. Give the names and addresses of your employees who know or knew George Redding.

Our disclosure rules, as amended to January 31, 1955, empower the court, after finding "good cause," to compel disclosure by the answering of interrogatories as to facts or for "the production for inspection, or copying . . . of . . . reports, papers, [and] documents," and other material not pertinent to the pending case. Although the amendments adopted in January were intended to expand our discovery procedure, the new provisions were not intended to be as broad as the federal rules on this subject matter. The federal procedure concerning depositions is very liberal and is used extensively to obtain disclosures. Because of strenuous objections, we did not change our rule concerning depositions and in applying our new rules we should not allow interrogatories to search for evidence in the same manner as depositions permit under the federal rule. The broad pretrial deposition discovery procedure was not adopted and apparently the bench and bar of our state prefer to have litigants try their cases on oral testimony rather than on depositions.

Under our rules as they now exist, a party encounters very little difficulty in obtaining permission to examine maps, photos, hospital records, medical

reports or other documents of his adversary. It is only when a party attempts to inquire as to the facts relating to the disputed issues that resistance is offered by the opposing party.

Although one of the purposes of discovery is to obtain admissions from an adversary which will make it unnecessary for him to present evidence of the admitted facts, a court should not order answers filed to interrogatories for the purpose of enabling a party to ferret out evidence. Interrogatories should not be used to enable a person to ascertain whether he has a cause of action. In ordering parties to answer interrogatories, the court must bear in mind that a proper preparation of a client's case demands that an attorney ascertain information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his own strategy. He should be able to do this without undue interference. Applying the rules to the interrogatories submitted, some of the questions should be answered and as to the others the defendants should not be required to respond.

Counsel reported to the court that from his investigation he could not locate the operator of the defendant's truck, and he does desire to question him. Plaintiff was a pedestrian and claims that the truck struck him. If the truck was damaged, the location and extent of the damage may be material to the issue of negligence. "Good cause" has been shown by the plaintiff, and the defendant is ordered to answer interrogatories 1, 2, 4, 6 and 7.

Plaintiff has not shown "good cause" for an order requiring the defendant to answer the remaining interrogatories concerning the motor vehicle report, the speed of the truck and the statement of witnesses in possession of the defendant. The written statements secured from witnesses are the "work

product" of the parties obtaining them and although they are not privileged communications a party should not be required prior to trial to turn them over to his opponent. Under some circumstances a party might be required to permit his adversary to inspect written statements of witnesses taken by him, but the representations made to the court in the pending motion do not justify such action. Under the broad provisions of the federal rules the trial judge may refuse to permit counsel to examine written statements of witnesses. *Hickman* v. *Taylor*, 329 U.S. 496. Under our procedure, at the time of the trial written statements may be available to counsel for certain purposes. *Hurley* v. *Connecticut Co.*, 118 Conn. 266, 284.

The defendant is not required to answer interrogatories 8 through 24.