[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
There is pending between the parties a grievance arbitration under the Municipal Employee Relations Act. A member of the plaintiff's bargaining unit seeks to take the deposition of her former supervisor, who it appears was instrumental in the termination of her employment. The application contains no allegation justifying a need for the deposition.
The plaintiff argues that 52-412 (c) permits her to obtain an order directing the taking of a deposition upon the mere making of an application for such purpose to be used for discovery to the same extent as in a civil action under52-148a(a) and P.B. Sec. 242. The defendant objects on numerous grounds, the chief one of which is dispositive. It contends that because of the express language of the statute, depositions in arbitration proceedings may be taken only when they are to be used "as evidence in [the] arbitration." The City distinguishes between a discovery deposition and an evidentiary deposition and argues that the statute is limited to the latter. Such a distinction is well made, Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 139.
Evidentiary depositions are authorized by sections 52-199a (medical witnesses), 52-152 (persons in armed forces), 52-156
(preservation of testimony) and for the various purposes specified in C.P.B. Sec. 248(1)(a) through (d). The plaintiff relies on none of these as the grounds for its application.
Since this issue has not been resolved at the appellate level, the court is free to adopt its own view of the statute. Guidance is provided by opinions in the two Superior Court cases of Chimblo Bros. Construction Co., Inc. v. Lane, Jacques and CT Page 51 Mosher, 7 C.L.T. No. 23 at 13 (June 8, 1981) (Melville, J.) and Galvin v. Shearson Lehman Hutton, Inc., 3 Conn. L. RPTR 1, 22 (1990) (Leuba, J.) Both of these decisions hold that Sec.52-412 (c) does not authorize discovery depositions primarily because the statute contemplates the use of the deposition only "as evidence." Thus, these decisions would require an applicant to demonstrate that its request fell under one of the above statutes or rules. Such a requirement is certainly consistent with the simplicity goals of arbitration. However, I believe that such an application of the statute is overly restrictive and exclusionary.
C.P.B. Sec. 248(1) indicates clearly that there are numerous instances in which what starts out as a discovery deposition becomes an evidentiary deposition, e.g. impeachment, death and distance. In such a case its use as evidence is incidental. Sanderson v. Steve Snyder Enterprises, Inc., supra at 139. While it may be difficult to demonstrate in advance a need on any of these grounds, a justification for such a request would require the applicant to satisfy the court that more than just an element of convenience supports the application.
Other courts that have confronted this question have adopted either the New York rule or the Federal rule. New York permits depositions, by court order "in aid of arbitration", Section 3102(c) CPLR. New York's rule governing the use of de depositions is almost identical to ours, Section 3117 CPLR. Under these conditions the New York courts have sought to prevent the courtroom from being used "as a convenient vestibule for the arbitration hall so as to allow a party to create his own unique structure, consisting of part litigation and part arbitration." Sherrill v. Grayco Builders, Inc., 475 N.E.2d 772, 777. As such they have adopted a strict rule that discovery depositions should not be ordered except under extraordinary circumstances. DeSapio v. Kohlmeyer, 321 N.E.2d 770, 773.
In dealing with the Uniform Arbitration Act upon which Sec, 52-412 (c) was based, the federal courts have taken a less restrictive approach. In fact, one court has gone so far as to say that prehearing discovery can be helpful to arbitration in bringing all the necessary evidence before the arbitrator without causing delay. Therefore, it should not be discouraged. Bigge Crane and Rigging Co. v. Docutel Computer, 371 F. Sup. 240. It seems obvious that other salutory purposes of a discovery deposition include (i) the obtaining of admissions from an adversary which could short cut a protracted arbitration, Prizio v. Penachio, 19 Conn. Sup. 381, 384, and (ii) enhancing simplicity by obtaining facts which might lead to disposition of the claim. Jacques v. Cassidy, 28 Conn. Sup. 212, 220. On balance, the federal rule seems to be that the discretionary CT Page 52 power of the court to order the taking of depositions in arbitration cases should not be exercised affirmatively except upon a showing of true necessity. Penn Tanker Co. of Delaware C.H.Z. v. Rolimpex, Warsawa, 199 F. Sup. 716.
Because the federal rule allows for judicial consideration on a case-by-case basis upon demonstrating a true necessity for the deposition, I believe it to be the better rule and consistent with the meaning and purpose of Sec. 52-412 (c). Because the plaintiff neither alleges in its application nor demonstrates a necessity for the deposition either for strictly evidentiary purposes, strictly discovery purposes or discovery having a reasonable likelihood of use as evidence, the application is denied.
MOTTOLESE, JUDGE.