[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Michelle Martin brings this action against the defendant Stop Shop Supermarket Company. She alleges that she fell and hurt herself on the defendant's premises due to a defective condition that the defendant negligently maintained. The defendant denies the allegations of negligence and damages and asserts in a special defense that the plaintiff herself was negligent. The matter was tried to the court.
The plaintiff who was a customer and "business invitee" at the premises of the defendant on Dixwell Avenue in Hamden tripped on the edge of a floor mat on July 7, 1997. She went down hard on her knees and one wrist. She claims painful and permanent injuries to her mid-back.
The duty owed by the defendant to a business invitee such as the plaintiff is to keep the premises in a reasonably safe condition. Cruz v.Drezek, 175 Conn. 230, 234, 397 A.2d 1335 (1978). In order to hold the defendant liable for her personal injuries the plaintiff must prove 1) the existence of a defect, and 2) that the defendant knew or in the exercise of reasonable care should have known about it, and 3) that such defect had "existed for such a period of time that the defendant should, in the exercise of reasonable care, have discovered it in time to remedy it" Id., 23 8-39. The plaintiff must prove that the notice to the defendant, whether actual or constructive, be "of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it" Id., 235.
The plaintiff advances two theories about the defect. The first is her claim that the placement of an unsecured mat near the exit door of the store is, in itself, a defect, since people are likely to catch a shoe tip on such a device and fall. But not every imperfection in a premises constitutes a defect for the purposes of a premises liability case. The definition of a defect in such cases has long been that a condition is not a defect unless it renders the premises unreasonably dangerous. See,Hennessey v. Hennessey, 145 Conn. 211 (1958); Jager v. First NationalBank, 125 Conn. 670, 7 A.2d 919 (1939); Falkowski v. Macdonald,116 Conn. 241, 245, 164A. 650 (1933); Gallagher v. Button, 73 Conn. 172,176-77, 46A. 819 (1900). Extrapolating from the duty in "highway defect" cases, the premises or path controlled by the defendant for use by the business invitee must be kept "in a reasonably safe condition for the reasonably prudent traveler," Donnelly v. Ives, 159 Conn. 163, 167
(1970); and of course the prudence — the reasonable care — of the business invitee is presumed unless pleaded and proved otherwise by the opponent. Conn. Gen. Stat. § 52-114. CT Page 11676
But common sense dictates that the mere use of movable floor mats in highly trafficked areas is not an unreasonably dangerous condition, and the court does not find it to have been so in this instance. To which the plaintiff presents the second theory regarding the defect: the edge of the mat was curled up such that it was likely to catch the foot or shoe of those passing over it. And indeed the edge was curled. The plaintiff testified to it, and the defendant's store manager on duty that evening observed it to be so shortly after the plaintiff's fall.
What is not clear from the evidence still is whether this curl was a defect. Was it curled such that it presented an unreasonably dangerous situation? How much of a curl was there? After all, sometimes one can catch one's foot on a perfectly level path of carpeting, but that does not mean that all carpeting is defective. Has the plaintiff proved that it is more probable than not that such a curl was a defect? The court must say no.
More crucially though, the plaintiff has not proved the element of notice. Assuming that there was a significant enough curl in the mat to present an unreasonably dangerous condition in the store, the plaintiff has not proved that it existed for a sufficient period before the incident for the defendant, in the exercise of reasonable care, to have discovered it and to have remedied the defect. The plaintiff has not proved that such a defect existed for any period of time before this incident.
The plaintiff argues that the cause of the curl should lead the court to infer that the mat had been in that condition for some considerable period of time, perhaps from the very time that mat was first placed on the floor. The plaintiff testified that the mat was worn, with the implication that this contributed to the curl. But she had not previously revealed her observation of such wear and tear of the mat in answer to deposition questions, so the court discounts this trial testimony. And no other evidence suggests any cause for such a curl. In fact the report of the store manager contains no such observation about unusual wear and indicates that he was unable to determine for what period of time the curl had existed. The fact of a worn mat — a condition that may naturally at some later time produce a defect such as a curl — is not sufficient to give the defendant notice of the precise defect alleged by the plaintiff See, Cruz v. Drezek, supra, 235.
Is it just as likely as not that, even if wear and tear created the curl (as opposed to heat, dry conditions, or the ungainly footstep of the immediately preceding store patron), the curl appeared or became pronounced enough to arguably become a defect only moments before the CT Page 11677 plaintiff approached the mat? The answer is yes. To conclude otherwise is to engage in speculation or conjecture. And of course in a situation in which the evidence on such an element is in equipoise the finding must be against the party who has the burden of proving the element.
The plaintiff has failed to prove either that the curl in the mat observed after her fall was a defect or that any such defect existed for such a time as would have afforded the defendant an opportunity to know of it and remedy it.
As an alternative to the theory of constructive notice, the plaintiff also advances the theory of actual notice based on two reports of patrons tripping over a mat in the same location in the previous six months. The court finds these two reports to be unpersuasive on the issue of notice to the defendant of this defect. Therefore although the court found sufficient foundation to admit the reports as evidence, the court finds them not probative of the defendant's liability.
The fact that the plaintiff admittedly tripped and fell on the edge of a mat on the defendant's premises does not by itself compel a finding that the defendant was negligent in failing to keep its premises reasonably safe. The law does not require the defendant to guarantee the safety of all who come upon its premises. The plaintiff has failed to meet her burden on the issue of liability. Judgment shall enter for the defendant.
Patty Jenkins Pittman, Judge